IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

          Plaintiff,

v.

CURTIS JOHNSON,

          Defendant.

ORDER

22-cv-556-jdp

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman filed motions for the court to issue subpoenas for four witnesses at trial: Joseph Kormanik, Kayla Kinney, Vicki G. Kasten, and Matt Howe, dkts. 79; 81; 87; 89. Helmueller later withdrew his requests regarding Kormanik and Kasten because they are being called by Johnson.

Helmueller states that Kinney has knowledge about medical complaints that he made at the jail following the incident, *see* dkt. 59-2. He states that Howe is the officer whose video footage from three days after the incident shows a wound on the right side of Helmueller's face, *see* dkt. 66-1. He also asks to call these witnesses over videoconference.

Helmueller's requests do not comply with the court's trial preparation procedures. *See* attachment to dkt. 16 at 33–36. Helmueller does not state that he is prepared to tender to the marshal or other individual serving the subpoena a check or money order made payable to the witness covering the required witness fees.[1]

---

[1] For Helmueller's reference, the witness rate is $40 per day for each witness who declines to testify voluntarily. If the witnesses are traveling to Madison or to a videoconference location, then Helmueller must also be able to pay mileage at the rate of $0.67 per mile. The court cannot waive these fees for a pro se litigant. *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987).

But in any event, it seems that Helmueller is asking these witnesses to testify solely to authenticate correspondence with the jail's medical unit or bodycam video. Dkt. 59-2 and Dkt. 66-1. Usually, authentication witnesses do not need to actually testify at trial. Johnson hasn't otherwise objected to these proposed exhibits. I am directing Johnson to respond to this order stating whether he will stipulate to the authenticity of these materials. If Helmueller believes that I have misstated the purpose of these witnesses' testimony, he should immediately respond to this order explaining in detail what he believes their testimony would be.

ORDER

It is ORDERED that:

(1)  Plaintiff's motions for issuance of subpoenas, dkts. 79 and 87, are considered WITHDRAWN.

(2)  Defendant may have until March 11, 2024, to respond whether it will stipulate to the authenticity of dkts. 59-2 and 66-1.

Entered this 7th day of March, 2024.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge